RANDALL B. AIMAN-SMITH #124599
REED W.L. MARCY #191531
HALLIE VON ROCK #233152
CAREY A. JAMES #269270

aiman-smith & marcy

7677 oakport street  suite 1150
oakland       california       94621
t:510.562.6800  f:510.562.6830

Attorneys for Plaintiff Pam Rolita Bean

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAM ROLITA BEAN, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>HUGO BOSS RETAIL, INC., and DOES 1-50, inclusive,<br><br>　　　　　　Defendant. | Case No.: 3:13-CV-05921-RS<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br>AS MODIFIED BY COURT<br><br>Hearing Date:  December 10, 2015<br>Hearing Time:  1:30 PM<br>Courtroom 3, 17th Floor<br>Hon. Richard Seeborg |

1   The matter of the Court's Final Approval of Class Action Settlement in the
2   above-referenced matter came on regularly for hearing on December 10, 2015, at 1:30 PM (or
3   as soon thereafter as could be heard) in Courtroom 3, 17th Floor, of the United States District
4   Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California,
5   Hon. Richard Seeborg presiding.

6   Plaintiff was represented by her counsel, Hallie Von Rock, of Aiman-Smith & Marcy,
7   PC. Defendant Hugo Boss Retail, Inc. ("Defendant" or "Hugo Boss") was represented by its
8   counsel, Elisa Nadeau, of Littler Mendelson, PC.

9   Plaintiff and Defendant have agreed, subject to Court approval following notice to the
10  Settlement Class and a hearing, to settle this Action upon the terms and conditions set forth in
11  the Stipulation and Settlement Agreement ("Settlement"), which is attached as Exhibit A to the
12  Order Granting Preliminary Approval of Class Action Settlement, entered on August 5, 2015
13  (ECF #33).

14  In support of her Motion for Final Approval, Plaintiff has submitted a Notice of Motion
15  and Motion for Final Approval of Class Action Settlement, a Memorandum of Points and
16  Authorities, declaration of counsel, declaration of the class representative, declaration of the
17  claims administrator, a separate motion for an award for attorney's fees, costs, and claims
18  administration costs, and this Proposed Order.

19  The Court has (1) reviewed and considered the terms and conditions of the proposed
20  Settlement as set forth in the Settlement Agreement; (2) reviewed and considered the
21  application of Class Counsel for an award of attorney fees, costs, expenses, and a class-
22  representative incentive award; (3) held a Final Approval Hearing after being satisfied that
23  notice to the Settlement Class has been provided in accordance with the Court's Order
24  Granting Preliminary Approval to Proposed Class Settlement entered on August 5, 2015 (the
25  "Preliminary Approval Order"); (4) taken into account the presentations and other proceedings
26  at the Final Approval Hearing; and (5) considered the Settlement in the context of all prior
27  proceedings had in this litigation. Accordingly, the Court enters the following FINDINGS and
28  CONCLUSIONS:

1  A.  Capitalized terms used in this Order that are not otherwise defined herein shall
2 have the meaning assigned to them in the Settlement Agreement.

3  B.  The Court has subject-matter jurisdiction over this Lawsuit and all acts within
4 this Lawsuit, and over all the parties to this Lawsuit, including all members of the Settlement
5 Class.

6  C.  The Settlement Class conditionally certified in the Preliminary Approval Order
7 has been appropriately certified for settlement purposes.  Class Counsel and the Class
8 Representative have fairly and adequately represented the Settlement Class for purposes of
9 entering into and implementing the Settlement.

10  D.  The notice to putative Settlement Class Members was comprised of individual
11 mailed notice to all known Settlement Class Members.  The Court finds that this notice (i)
12 constituted the best notice practicable under the circumstances, (ii) constituted notice that was
13 reasonably calculated, under the circumstances, to apprise the putative Settlement Class
14 Members of the pendency of the Lawsuit, and of their right to object and to appear at the Final
15 Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and
16 constituted due, adequate, and sufficient notice to all persons entitled to be provided with
17 notice, and (iv) fully complied with due process principles and Federal Rule of Civil
18 Procedure 23.

19  E.  The Court has held a Final Approval Hearing to consider the fairness,
20 reasonableness, and adequacy of the Settlement and has been advised that there have been no
21 objections to the Settlement.

22  F.  The Settlement is the product of good faith, arm's-length negotiations between
23 the Class Representative and Class Counsel, on the one hand, and Defendant and its counsel,
24 on the other hand.

25  G.  The Settlement, as provided for in the Settlement Agreement, is in all respects
26 fair, reasonable, adequate, and proper, and in the best interest of the Settlement Class.  In
27 reaching this conclusion, the Court considered a number of factors, including:  (1) the strength
28 of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further

1 litigation; (3) the amount offered in settlement; (4) the extent of discovery completed and the
2 stage of the proceedings; (5) the experience and views of counsel; and (6) the reaction of the
3 class members to the proposed settlement.  *See, Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th
4 Cir. 2003) (*quoting*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

5       H.     The two putative Settlement Class Members who have timely elected to opt out
6 of the Settlement and the Settlement Class, and who are therefore not bound by the Settlement,
7 the provisions of the Settlement Agreement, this Order and the Final Judgment to be entered by
8 the Clerk of the Court hereon, are identified to the Court in the Declaration of Christina
9 Francisco, filed in advance of the Final Approval Hearing.  All Settlement Class Members (as
10 permanently certified below) shall be subject to all of the provisions of the Settlement, the
11 Settlement Agreement, this Order, and Final Judgment to be entered by the Clerk of the Court.

12      On the basis of the foregoing findings and conclusions, as well as the submissions and
13 proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED,
14 ADJUDGED, AND DECREED:

15 <center>**Certification of Class and Approval of Settlement**</center>

16      1.     The Settlement and the Settlement Agreement are hereby approved as fair,
17 reasonable, adequate, and in the best interests of the Settlement Class, and the requirements of
18 due process and Federal Rule of Civil Procedure 23 have been satisfied.  The parties are
19 ordered and directed to comply with the terms and provisions of the Settlement Agreement.

20      2.     The Court having found that each of the elements of Federal Rules of Civil
21 Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Settlement
22 Class is permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the
23 following persons:

24     All current and former non-exempt hourly employees employed by Defendant
25      Hugo Boss Retail, Inc. ("HB" or "Defendant") at a "Hugo Boss" retail store
26       within the State of California at any time from October 2, 2009 through
27       August 5, 2015 (the date of preliminary approval)

28 The two putative Settlement Class Members identified to the Court as having timely and

1  properly elected to opt out from the Settlement and the Settlement Class are hereby excluded
2  from the Settlement Class and shall not be entitled to any of the benefits afforded to the
3  Settlement Class Members under the Settlement Agreement.  The Court readopts and
4  incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules
5  23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this
6  certification of the Class is in connection with the Settlement rather than litigation, the Court
7  need not address any issues of manageability that may be presented by certification of the class
8  proposed in the Settlement.
9        3.      For purposes of Settlement only, the Named Plaintiff, Pam Rolita Bean, is
10 certified as a representative of the Settlement Class and Class Counsel, Aiman-Smith & Marcy,
11 PC, is appointed counsel to the Settlement Class.  The Court concludes that Class Counsel and
12 the Class Representative have fairly and adequately represented the Settlement Class with
13 respect to the Settlement and the Settlement Agreement.
14       4.      Notwithstanding the certification of the foregoing Settlement Class and
15 appointment of the Class Representative for purposes of effecting the Settlement, if this Order
16 is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any
17 reason, the foregoing certification of the Settlement Class and appointment of the Class
18 Representative shall be void and of no further effect, and the parties to the proposed Settlement
19 shall be returned to the status each occupied before entry of this Order without prejudice to any
20 legal argument that any of the parties to the Settlement Agreement might have asserted but for
21 the Settlement Agreement.

### Released Claims

23       5.      The Settlement will release all claims stated in the operative complaint. The
24 Release is set forth as follows, in Paragraph III B of the Settlement Agreement: "As of the
25 Effective Date, Class Members release the Released Parties from the Released Claims.  Class
26 Members agree not to sue or otherwise make a claim against any of the Released Parties for
27 any of the Released Claims arising during the Class Period."

The Released Claims are set forth in the Definitions, Paragraph E, of the Settlement Agreement:

> The claims for reimbursement, wages, benefits, and related penalties actually alleged in the Action, or those claims for reimbursement, wages, benefits and related penalties that could have been alleged in the Action, by the Named Plaintiff, on behalf of themselves and the Putative Class Members, based on the facts stated in the original and the Second Amended Complaint, including that (1) Hugo Boss required Putative Class Members to purchase Hugo Boss merchandise in violation of Labor Code section 450; (2) Hugo Boss failed to reimburse Putative Class Members for all reasonably incurred business expenses, including purchase of clothing and shoes to wear to work, in violation of Labor Code sections 2800 and 2802; (3) Hugo Boss failed to compensate all hours worked by Putative Class Members, by Putative Class Members, including but not limited to time allegedly spent cleaning the store and performing other off the clock opening and closing store duties and time spent undergoing security bag checks, including minimum wages and overtime hours, which the Named Plaintiff alleges violated the applicable Industrial Welfare Commission Wage Order and Labor Code sections 510, 1194, 1194.2, and 1197; (4) Hugo Boss failed to provide meal periods in violation of Labor Code sections 226.7 and 512 and the applicable Industrial Welfare Commission Wage Order; (5) Hugo Boss failed to provide rest breaks in violation of Labor Code section 226.7 and the applicable Industrial Welfare Commission Wage Order; (6) Hugo Boss failed to timely pay all final wages due upon cessation of employment, which the Named Plaintiff alleges violated Labor Code sections 201, 202, and 203; (7) Hugo Boss failed to keep accurate and complete payroll records in violation of Labor Code section 1174(d); (8) Hugo Boss engaged in unlawful business practices in violation of Business and Professions Code section 17200, *et seq.*; (9) Putative Class Members are entitled to injunctive relief to halt any practices alleged in the original and amended complaints that are unlawful; (10) Putative Class Members are entitled to restitutionary damages under Business & Professions Code §§ 17200 *et seq.*; (11) Hugo Boss is liable for penalties under the Private Attorneys' General Act, Labor Code §§ 2699, *et seq.*; (12) Hugo Boss is liable for the attorneys' fees incurred to prosecute this action on behalf of Putative Class Members, including fees incurred for the services of Class Counsel; and (13) Hugo Boss is liable for any other remedies, penalties and interest under Labor Code §§ 201, 202, 203, 212, 218.5, 225.5, 226, 226.3, 226.7, 450, 510, 512, 1194, 1194.2, 1197, 1197.1, 2699, 2802, and the applicable Industrial Welfare Commission Wage Order.

///

6. With respect to the Released Claims, an irrevocable and unconditional release is given by the Named Plaintiff, Pam Rolita Bean, of the Released Parties from any and all charges, complaints, claims, causes of action, debts, sums of money, controversies, agreements, promises, damages and liabilities of any kind or nature whatsoever, both at law and equity, known or unknown, suspected or unsuspected, arising from conduct occurring on or before the date the Named Plaintiff signed the Settlement Agreement. This release is intended by the Parties to be all encompassing and to act as a full and total release of any claim, whether specifically enumerated herein or not, that the Named Plaintiff might have or have had, that exists or ever has existed on or to the date of the Settlement Agreement is signed. The words "claim" or "claims" includes without limitation all actions, claims and grievances, whether actual or potential, known or unknown, related, incidental to or arising out of any act or omission committed or omitted by the Released Parties through the date that the Named Plaintiff signed the Settlement Agreement and/or arising out of the Named Plaintiff's employment relationship with Hugo Boss and/or the cessation thereof. The release by the Named Plaintiff includes an express waiver, to the fullest extent permitted by law, of the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The general release will also include a waiver by the Named Plaintiff of any right to future employment with the Released Parties.

### Applications for Attorney Fees, Costs, and Expenses and
### Named Representative Plaintiff Incentive Award

7. The Court has reviewed the Motion for an Award of Attorney Fees, Costs, and Claims Administration Costs submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted in support of that application. The Court has also reviewed the request, in the Motion for Final Approval and the accompanying Memorandum of Points and

[Proposed] Order Granting Final Approval of Class Action Settlement
*Bean, et al. v. HUGO BOSS Retail, Inc., et al.*   Case No. 3:13-CV-05921-RS
Page 6

1 Authorities, and declarations submitted in support thereof, for the Named Representative
2 Plaintiff Incentive Award.  The Court recognizes that Defendant has not opposed the
3 application for an incentive award of $10,000 to the Named Representative Plaintiff, to be paid
4 by Defendant; an award of attorney fees of up to $112,500 and litigation costs of $26,494, to
5 be paid by Defendant; and an award of claims administration costs of $12,367, to be paid by
6 Defendant.  Further, no Settlement Class Member has objected to any of these sums or other
7 terms of the settlement.  Such expenses, in the amounts actually awarded below, are to be
8 deducted from the Total Settlement Fund of $337,500.  On the basis of its review of the
9 foregoing, the Court finds that Class Counsel's request for attorney fees at one third of the
10 settlement fund is fair, reasonable, and appropriate, with the proviso that the calculation should
11 be based on the net settlement fund, after deducting counsel's litigation costs and the Claims
12 Administration costs.  Attorney fees in excess of the 25% "benchmark" are warranted under all
13 the circumstances, including the relative dollar amounts involved, the degree of success, and
14 consideration of the "lodestar cross-check."  Accordingly, the Court hereby awards attorney
15 fees of $99,745, and litigation costs of $26,494, to Class Counsel; an incentive award to the
16 Named Representative Plaintiff in the amount of $10,000.00; and Claims Administration costs
17 in the amount of $12,367, to be paid by Defendant in accordance with the terms of the
18 Settlement Agreement.

19     8.    The Court orders that ten percent (10%) of the amount awarded as attorney fees
20 be retained by the Settlement Administrator, to be paid out to Class Counsel when the check
21 distribution process is complete and the claims administrator has submitted a final report to the
22 Court.

### Other Provisions

24     9.    Neither the Settlement Agreement nor any provision therein, nor any
25 negotiations, statements or proceedings in connection therewith shall be construed as, or be
26 deemed to be evidence  of, an admission or concession on the part of the Plaintiff, any
27 Settlement Class Member, Defendant, or any other person of any liability or wrongdoing by
28 them, or that the claims and defenses that have been, or could have been, asserted in the

Lawsuit are or are not meritorious, and this Order, the Settlement Agreement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement Agreement, this Order, and the Final Judgment to be entered thereon may be filed in any action by Defendant or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

10. In the event that the Settlement Agreement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Settlement Agreement, then this Order and the Final Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

### **Dismissal; Continuing Jurisdiction**

11. This action and the claims alleged therein are hereby ordered dismissed with prejudice.

12. Without in any way affecting the finality of this Order and the Final Judgment, this Court hereby retains jurisdiction as to all matters relating to (a) the interpretation, administration, and consummation of the Settlement Agreement and (b) the enforcement of the injunctions described in paragraph 6 of this Order.

1     IT IS SO ORDERED.

2

3

   DATED: 12/10/15                    _____
4
                                      The Honorable Richard Seeborg
5                                     United States District Judge